UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | |
|---|---|
| GENERATOR MEDIA + ANALYTICS INC., | : |
| | : Civil Action No: |
| Plaintiff, | : |
| | : |
| | : **COMPLAINT** |
| v. | : |
| | : **JURY TRIAL DEMANDED** |
| | : |
| KINETIC319 LLC AND ADAM ORTMAN, | : |
| Defendants | : |

-------------------------------------------------------------x

Plaintiff, GENERATOR MEDIA + ANALYTICS INC. ("GENERATOR" or "Plaintiff") hereby brings the following Complaint for damages against Kinetic319 LLC ("Kinetic319") and Adam Ortman ("Ortman")(collectively referred to as  "Defendants") for (i) misappropriation of trade secrets; (ii) violation of the Defend Trade Secrets Act of 2016; (iii) violation of the Computer Fraud and Abuse Act; (vi) unfair competition; (v) breach of duty of loyalty; (vi) tortious interference with contract and/or prospective business relations; (vii) unjust enrichment; and (viii) breach of contract.

## PARTIES

1.      GENERATOR is a corporation organized and existing under the laws of the State of New York, with its principal place of business located in New York, New York.

2.      Defendant Kinetic319 is a Colorado limited liability corporation established by and owned by Defendant Ortman, which was set up during Ortman's employment with GENERATOR to unfairly compete with GENERATOR.  Ortman was a former GENERATOR executive, who was employed as GENERATOR's Senior Vice President, Growth and Technology. Ortman resides in Colorado.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically 18 U.S.C. §1030 and 18 U.S.C. §1833.  Furthermore, this Court has supplemental jurisdiction over the state law claims articulated herein pursuant to 28 U.S.C. §1367.

4.      This Court also has proper jurisdiction over the subject matter of this action under 28 U.S.C. §1332(a)(1) as the matter in controversy exceeds the sum of $75,000 and is between citizens of different states.

5.      This Court has personal jurisdiction over Defendants pursuant to NYCPLR § 302(a)(1), (2) and (3) because Defendant Ortman was employed by GENERATOR in New York and performed services in the State of New York.  He committed various tortious acts within New York State and/or Defendants have caused injury to GENERATOR within New York State arising out of tortious act by Defendant Ortman outside the state while soliciting business or providing services activities within the state and deriving substantial revenue from goods and services rendered within the state.

6.      Venue is proper in this Court pursuant to 28 U.S.C  § 1391 (b)(2) and (3) because a substantial part of the events or omissions that give rise to the claims asserted herein occurred in this district.

**FACTS**

7.      Generator is a marketing, media, analytics and business services provider.  Generator's practice includes an array of strategy, activation and consulting services including, but not limited to marketing research; media strategy and planning; media buying and activation across all media (digital and traditional); end-to-end business analytics, insights, and

marketing research reporting services; marketing and business consulting;  business strategy plan development; and business forecasting.

8.     GENERATOR has customers and clients throughout the United States as well as a few international clients.  It employs less than fifty (50) employees.

9.     Due to the sensitive nature of GENERATOR's business, it goes through great lengths to secure its trade secrets and other confidential information, such as the confidentiality of its customers, their preferences, pricing, previous orders and other information regarding its clients.  This information is not known to the general public, not listed anywhere and is confidential and proprietary information.   Defendant Ortman was required to sign a confidentiality agreement to safeguard against the disclosure of confidential information. Additionally, Defendant Ortman and all employees were specifically informed that he/she could not forward confidential customer information to non-secured servers, e-mail accounts, personal computers, for personal use, etc.

10.     Defendant Ortman became a GENERATOR employee in October 2018 as Director, Innovation and Technology.  On January 1, 2020,  Defendant Ortman was employed as GENERATOR's Group Director, Innovation and Technology.  On June 1, 2021, GENERATOR promoted Ortman to Vice President, Growth and Technology.  On January 1, 2023, GENERATOR again promoted Defendant Ortman.  Ortman now became Senior Vice President, Growth and Technology.  Defendant Ortman became one of the highest paid executives.  Defendant Ortman's duties involved, among other things, regularly meeting with upper management of GENERATOR's customers, developing new opportunities for business and working with the agency staff to foster stronger customer relationships.

11.     As a result of his position, Defendant Ortman had direct access to GENERATOR contacts and e-mails, including current and former clients.  Defendant Ortman had access to GENERATOR's entire library of new business files, "pitch" decks, request for proposal responses and other new business information.  Moreover, Defendant Ortman had access to Master Service Agreements and Statement of Works for all current and former clients, which includes pricing information.  Defendant Ortman had GENERATOR's strategic forecast and revenues and client surveys.  This information is not known to the public, is proprietary in nature and is safeguarded by GENERATOR. As a condition of his employment, Defendant Ortman was required to sign a confidentiality agreement to safeguard all of this information.   This confidentiality agreement, signed by Defendant Ortman, provided GENERATOR its cost and attorneys' fees in case of a breach by Defendant Ortman.  Further, the agreement specifically stated that the agreement was governed by New York law.

12.     GENERATOR expended various resources and money in cultivating its clients and ensuring that their business needs are met and as a result, Defendant Ortman used GENERATOR's expense accounts in order to generate new business.

13.     Unbeknownst to GENERATOR, on or about February 21, 2023, Defendant Ortman privately registered "Kinetic319.com".  Defendant Ortman specifically set this domain name and eventual company to compete with GENERATOR.  According to its website, Kinetic319 provides similar media related services as does GENERATOR.

14.     On May 2, 2023, GENERATOR received a new business lead, RREAF Holdings, from a marketing consultant.

15.     GENERATOR passed the lead onto Defendant Ortman.  On May 4, 2023, Defendant Ortman spoke to the marketing consultant, Shoshana Winter, about a new business opportunity with her client – RREAF Holding.

16.     Unbeknownst to GENERATOR, on May 8, 2023, Defendant Ortman, through his registered agent, filed the Articles of Organization for Kinetic319.

17.     On May 22, 2023, GENERATOR was hired to develop audience research personas for future media planning for RREAF Holdings.

18.     On June 6, 2023, GENERATOR presented an audience research project to Ms. Winter and Allie Irving, the Vice President of Brand Strategy at RREAF Holding.

19.     On June 15, 2023, Defendant Ortman strangely e-mailed Ms. Winter asserting that GENERATOR will not move forward with RREAF as a client and provided no further explanation.

20.     One June 15, 2023, GENERATOR sent a small invoice to RREAF Holdings for the research already conducted, which was paid.

21.     In June and July 2023, unbeknownst to GENERATOR, Defendant Ortman and Ms. Winter had discussions that Defendant Ortman has started his own firm and that she should send business to Defendant Kinetic319 and not GENERATOR.  Notably, Defendant Ortman was still employed by GENERATOR.  Ms. Williams did not send GENERATOR the business but rather sent it to Kinetic319 as discussed with Defendant Ortman.

22.     Unbeknownst to GENERATOR, Defendant Ortman, in furtherance of his actions to unfairly compete with GENERATOR and steal its confidential information, during his employment, started downloading all of GENERATOR's confidential information to his private computer.  On May 3, 2023 and July 18, 2023, Defendant Ortman downloaded nearly 5000 records

each day from GENERATOR'S server to his personal computer.  The IP addresses for these downloads occurred in California (where Ortman was vacationing) and Colorado (where Defendant Kinetic319 has its virtual office and Ortman resides).  These downloads to a personal computer were not authorized and strictly prohibited by Ortman's confidentiality agreement and GENERATOR'S policies and procedures.  Defendants downloaded this confidential information for their personal use and to directly compete with GENERATOR.

23.    The very next day after the last download took place, on July 19, 2023, Defendant Ortman gave GENERATOR two weeks' notice that he was resigning from his employment.  Defendant Ortman's last day of employment with GENERATOR was August 2, 2023.

24.    After his resignation of employment, Defendant Ortman returned GENERATOR's laptop, erasing all data, settings and applications stored on the laptop before returning it to GENERATOR, factory reset.

25.    On August 17, 2023, Defendant Kinetic319 sent an invoice to RREAF Holdings pursuant to a statement of work signed by those parties.

26.    Upon information and belief, Defendants, through their unlawful misappropriation, have been contacting GENERATOR'S current customers, providing quotes for lower prices and has also been contacting GENERATOR'S potential customers that it has expended resources in attempting to obtain.  Defendants would not have had access to these customers or potential customers and pricing information if were not for Defendants' unlawful actions.

**COUNT I**
**MISAPPROPRIATION OF TRADE SECRETS**

27.     The allegations contained in paragraphs 1 through 26 are incorporated by reference herein with the same force and effect as if set forth herein.

28.     GENERATOR's customer names, contact information, preferences, and other information are trade secrets of GENERATOR subject to protection under New York law. This information is not known to the public.

29.     This information derives independent economic value by not being accessible, through proper means, to competitors such as Defendants, which can profit from its use or disclosure.  GENERATOR has spent significant sums, in terms of both financial and human resources, to develop and maintain this information, which is of great value to any competitor.

30.     GENERATOR has taken more than adequate measures under the circumstances to maintain the secrecy of this information, including assigning computer access passwords to be used to access GENERATOR computers, restricting access to business purposes, forbidding information and e-mails to mailed to unsecured private e-mail accounts, and having employees, including Defendant Ortman, sign agreements which expressly prohibit the use and disclosure of such information outside of GENERATOR.

31.     The foregoing conduct of Defendants constitutes a conversation and misappropriation and misuse of GENERATOR's confidential, trade secret information in violation of New York law because Defendant Ortman has used and/or disclosed GENERATOR's customer information without GENERATOR's consent and despite the fact that Defendant Ortman acquired

knowledge of this information under circumstances giving rise to a duty to maintain the information's secrecy, return it and limits its use.

32.     As a consequence of the foregoing, GENERATOR has suffered and will continue to suffer irreparable harm and loss.

## COUNT II
## VIOLATION OF THE DEFEND TRADE SECRETS ACT OF 2016

33.     The allegations contained in paragraphs 1 through 32 are incorporated by reference herein with the same force and effect as if set forth herein.

34.     As a result of Defendant Ortman's employment with GENERATOR, he unlawfully obtained access to and downloaded GENERATOR's trade secret information, including but not limited to, GENERATOR's customer's names, contact information, certain orders these customers placed with GENERATOR as well as pricing and customer preferences. This information is unique to GENERATOR and derive their independent economic value from not being commonly known or available to the public to GENERATOR's competitors.

35.     GENERATOR has taken more than adequate measures under the circumstances to maintain the secrecy of this information, including assigning computer access passwords to be used to access GENERATOR computers, restricting access to business purposes, forbidding information and e-mails to mailed to unsecured private e-mail accounts, and having employees, including Defendant Ortman, sign agreements which expressly prohibit the use and disclosure of such information outside of GENERATOR.

36.     Defendants' misappropriation of GENERATOR's trade secrets gives and continues to give Defendants an unfair and unjust advantage in the operation of a competing business.

37.     The use and disclosure, and even threatened use and disclosure of GENERATOR's trade secrets by Defendants entitles GENERATOR to injunctive relief and damages, pursuant to 18 U.S.C. §1836(b)(3).

## COUNT III
## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

38.     The allegations contained in paragraphs 1 through 37 are incorporated by reference herein with the same force and effect as if set forth herein.

39.     During his employment, Defendant Ortman with intent to defraud GENERATOR, unlawfully accessed GENERATOR's computers and without authorization, sent and transmitted GENERATOR's confidential, proprietary and trade secret information from computers used in interstate commerce to his private computer without authorization.

40.     As a result, GENERATOR is suffering and will continue to suffer immediate and irreparable harm.  Defendants' actions violate 18 U.S.C §1030.

## COUNT IV
## UNFAIR COMPETITON

41.     The allegations contained in paragraphs 1 through 40 are incorporated by reference herein with the same force and effect as if set forth herein.

42.     The foregoing conduct of Defendants constitutes an unfair method of competition.

43.     As a consequence of the foregoing, GENERATOR has suffered and will continue to suffer irreparable harm and loss.  GENERATOR is entitled to all damages suffered, in addition to any revenue received by Defendant Kinetic319.

## COUNT V
## BREACH OF DUTY OF LOYALTY

44.     The allegations contained in paragraphs 1 through 43 are incorporated by reference herein with the same force and effect as if set forth herein.

45.     As its highly compensated Senior Vice President, Defendant Ortman owed a duty of loyalty to GENERATOR.

46.     By setting up a competing business and diverting GENERATOR's clients to Defendant Kinetic319, all while employed as GENERATOR's Senior Vice President, Defendant Ortman breached his duty of loyalty to GENERATOR.

47.     GENERATOR has been damaged through lost revenue, lost business opportunities and damage to business reputation.  In addition to these damages, Plaintiff is entitled to repayment from Defendants of all compensation paid to Defendant Ortman while he was employed by GENERATOR.

48.     Since Defendant Ortman's actions were wanton, willful and without regard, punitive damages should be awarded.

## COUNT VI
## TORTIOUS INTERFERENCE WITH CONTRACT
## OR PROPSECTIVE BUSINESS RELATIONS

49.     The allegations contained in paragraphs 1 through 48 are incorporated by reference herein with the same force and effect as if set forth herein.

50.     For almost 20 years, GENERATOR established numerous business and professional relationships, has had, and continues to have agreements for the rendition of professional media related services throughout the United States and the world.

51.     At all times referenced herein, Defendants were aware of such relationships between Plaintiff and other third-parties.

52.     Defendants intentionally interfered with GENERATOR's business and contractual rights and relations by pushing GENERATOR clients and customers to Defendant Kinetic319 in order for those parties to cease doing business with GENERATOR.

53.     Defendants also intentionally interfered with GENERATOR's prospective business and contractual rights and relations by pushing GENERATOR potential clients and customers to Kinetic319 in order for those parties not to do business with Plaintiff.

54.     As a result, Plaintiff has been damaged and continues to be damaged in an amount determined at or before the trial of this action, including legal fees and costs.

55.     As a consequence of the foregoing, GENERATOR has suffered and will continue to suffer irreparable harm and loss.

**COUNT VII**
**UNJUST ENRICHMENT**

56.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 55 of the Complaint with the same force and effect as if fully set forth herein at length.

57.     Defendants were unjustly enriched by Defendant Ortman's unlawful actions while he was the Senior Vice President of GENERATOR.

58.     Defendant Ortman used his position as Senior Vice President to steer GENERATOR's clients and customers away from GENERATOR and towards his competing company, Kinetic319.

59.     Defendant Ortman's betrayal of his duty to GENERATOR caused GENERATOR to lose revenue.

60.     Equity and good conscience require restitution from Defendants, but for their actions, GENERATOR would have collected hundreds of thousands of dollars in revenues.

61.     Defendant Ortman benefited by pushing GENERATOR clients to his new company, Kinetic319, so his new company collected the revenue.

62.     GENERATOR has been damaged through lost revenue, lost business opportunities and damage to business reputation.

63.     Since Defendant Ortman's actions were wanton, willful and without regard, punitive damages should be awarded.

## COUNT VIII
## BREACH OF CONTRACT

64.     The allegations contained in paragraphs 1 through 63 are incorporated by reference herein with the same force and effect as if set forth herein.

65.     By virtue of the foregoing conduct, Defendant Ortman has violated his confidentiality agreement with GENERATOR.  Defendant Ortman was prohibited from disclosing or downloading GENERATOR's confidential information.

66.     Defendant Ortman is continuing to violate his contractual obligations. Based on Defendant's breach, GENERATOR is entitled to its costs in bringing this action, including, but not limited to attorneys' fees and costs pursuant to the agreement.

## JURY DEMAND

Plaintiff requests a jury trial on all issues triable by a jury.

## PRAYER FOR RELIEF

As a result of the foregoing facts and legal claims,  GENERATOR requests that the Court enter judgment in its favor and against Defendants as follows:

1) Enjoining Defendants, whether alone or in acting in concert with others, from using any GENERATOR's confidential, proprietary, and trade secret information;

2) Enjoining Defendants and anyone acting in concert or participation from contacting or soliciting any GENERATOR client or customer or prospective customer that Ortman had contact with during his employment with GENERATOR and contacting or soliciting any GENERATOR customer or prospective customer whose information he misappropriated from GENERATOR;

3) Awarding GENERATOR compensatory damages to compensate for harm cause by Defendants' actions, in addition to, all monies/compensation paid to Defendant Orman while he was employed by GENERATOR and all revenue received by Defendant Kinetic319 and said damages exceed $500,000.00;

4) Awarding GENERATOR punitive damages as permitted by applicable law;

5) Awarding GENERATOR attorneys' fees as permitted by contract and/or law;

6) Awarding GENERATOR its costs, including but not limited to all fees, in addition to costs or any experts or other out pocket cost borne by GENERATOR in the prosecution of this action; and

7) Granting such other and further relief as the Court deems just and proper.

Dated: September 7 , 2023
          New York, New York

                                       Respectfully submitted,
                                        *Attorneys for Generator Media + Analytics Inc.*

                                        BRENLLA, LLC

                                        By:    _____

                                             George F. Brenlla, Esq. (GB-9612)
                                             250 Park Avenue, 7th floor
                                             New York, New York 10177
                                             (212) 364-5173